UNTED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL SPACK,<br>on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRANS WORLD ENTERTAINMENT CORP.; RECORD TOWN, INC.; RECORD TOWN USA, LLC.**<br><br>Defendants. | Civil Action No:<br><br>**Civil Action**<br><br>**CLASS AND COLLECIVE ACTION COMPLAINT WITH JURY DEMAND** |

Plaintiff Carol Spack, individually and on behalf of all others similarly situated, complaint against the Defendants Trans World Entertainment Corp., Record Town, Inc. and Record Towns USA, LLC as follows:

## NATURE OF THE ACTION

1.   This is a class and collective action brought by Plaintiff Carol Spack ("Plaintiff" or "Spack") against Defendants Trans World Entertainment Corp., Record Town, Inc. and Record Towns USA, LLC (collectively referred to herein as "the TWEC Defendants") on behalf of herself and all similarly situated current and former employees of the TWEC Defendants to recover for the Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The New Jersey Wage and Hour Law N.J.S.A., 34:11-56.1 to -56.12 ("NJWHL") and Pennsylvania's Minimum Wage Act 35 P.S. § 333.101 et seq. ("PMWA").

2. Plaintiffs, and those similarly situated, were subjected to the TWEC Defendants' policy and practice of failing to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Under the collective action brought under FLSA, the proposed Class consists of all persons employed by the TWEC Defendants as Store Managers (SMs) or Sr. Assistant Managers (SAMs) at any time three years prior to the filing of this action through the entry of judgment who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek (hereinafter referred to as the proposed the "Nationwide Collective Class").

4. Specifically, as to SMs, Plaintiff complains that the TWEC Defendants violated FLSA by failing to pay Plaintiff and all other members of the proposed Nationwide Collective Class overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek.

5. Specifically, as to SAMs, Plaintiff complains that the TWEC Defendants violated FLSA by using a fluctuating work week method (FWW) when calculating overtime wages rightfully due Plaintiff and all other members of the proposed Nationwide Collective Class when they worked as SAMs in the TWEC Defendants' stores nationwide.

6. To remedy her damages and the Nationwide Collective Class members she seeks to represent under FLSA, Plaintiff brings this action as a nation-wide collective action pursuant to 29 U.S.C. § 216(b)

7. Specifically, under FLSA, Plaintiff seeks a declaration that her rights, and the rights of the other Nationwide Collective Class members were violated, and an award of unpaid wages,

liquidated damages, interest, and reasonable attorneys' fees and costs to make them whole for damages suffered.

8. Plaintiff also brings a class action claim under the NJWHL (hereafter referred as the "NJ/PA Class"). The proposed NJ/PA Class consists of all persons employed by the TWEC Defendants as SMs at any time two years prior to the filing of this action through the entry of judgment in the TWEC Defendants' stores located in New Jersey who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek.

9. Plaintiff complains that the TWEC Defendants violated the NJWHL by misclassifying Plaintiff and all other members of the proposed NJ/PA Class who worked in New Jersey as salaried exempt employees when they worked as SMs.

10. To remedy her damages and the damages of the NJ/PA Class who worked in New Jersey, Plaintiff seeks a declaration that her rights, and the rights of other members were violated, and an award of all available statutory damages including, but not limited to, unpaid wages, interest, and reasonable attorneys' fees and costs to make them whole for damages suffered.

11. As part of the NJ/PA class action, Plaintiff also brings claims under the PMWA. The proposed NJ/PA Class also consists of all persons employed by the TWEC Defendants as SAMs in the TWEC Defendants' stores located in Pennsylvania at any time three years prior to the filing of this action through the entry of judgment who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek.

12. Specifically, as to SAMs, Plaintiff complains that the TWEC Defendants violated the PMWA by unlawfully using a fluctuating work week method (FWW) when calculating overtime wages rightfully due Plaintiff and all other members of the proposed NJ/PA Class when they worked as SAMs in the TWEC Defendants' Pennsylvania stores.

13. To remedy her damages and the damages of the NJ/PA Class members who worked in Pennsylvania, Plaintiff seeks a declaration that her rights, and the rights of other members were violated, and an award of all available statutory damages including, but not limited to, unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs to make them whole for damages suffered.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*, and has supplemental jurisdiction over the New Jersey (NJWHL) and Pennsylvania (PMWA) wage and hour claims pursuant to 28 U.S.C. § 1367(a).

15. This Court has jurisdiction over this FLSA Collective Action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

16. The annual sales of the TWEC Defendants exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claim pled in this Complaint substantially occurred in this District.

## PARTIES

18.     Plaintiff, Carol Spack, is an individual who resides in Somerset County, New Jersey. Plaintiff worked for the TWEC Defendants as a SAM at stores it operated in Vineland, New Jersey and Philadelphia, Pennsylvania from March/April 2012 until March 2015. Plaintiff also worked for the TWEC Defendants as a SAM at stores it operated in Eatontown, New Jersey, Toms River, New Jersey and Woodbridge, New Jersey from March 2015 thru December 28, 2016 when she was separated from employment. Plaintiff has executed her consent to sue form as required under FLSA which is attached hereto as *Exhibit A*.

19.     Defendant Trans World Entertainment Corp. is a New York corporation with its principal executive offices located at 38 Corporate Circle, Albany, New York 12203-5197. Defendants Record Towns, Inc. and Record Town USA, LLC who are either subsidiaries and/or affiliated with Trans World Entertainment Corp., were also incorporated in New York and likewise maintain their corporate offices at 38 Corporate Circle, Albany, New York 12203-5197.

20.     The following is believed to accurately describe the TWEC Defendants:

Trans World Entertainment Corp. was founded in 1972 by Robert J. Higgins and opened its first retail store in 1973 under the name Record Town, and grew its retail business to 38 stores over a 10-year period. In 1982, the Company sold its wholesale business to focus on retail, expanding the number of retail outlets to more than 200. Trans World went public in July 1986 trading under the symbol "TWMC". In 2001, Trans World united its mall-based portfolio and retail Web site under the F.Y.E. (For Your Entertainment) brand name. In October 2016, the Company acquired etailz, Inc., a leading digital marketplace expert retailer. Trans World Entertainment Corp reported total revenue of $147.1 million for Fourth Quarter 2016.

21. At all times relevant herein, the TWEC Defendants was/were Plaintiff's "employers," and Defendant was engaged in "interstate commerce" as defined in the FLSA.

## GENERAL ALLEGATIONS

22. The TWEC Defendants employ several different types of workers, including but not limited to Sr. Assistant Managers (SAMs), Store Managers (SMs), and other corporate employees.

23. The job duties of an SAM included: (a) inventory related shipping and receiving; (b) stocking merchandise for the day; (c) cashier, (d) clean and sweep the store, (3) price and sales labeling, and (4) customer service and sales.

24. The job duties of a SM are substantially similar to that of a SAM but also include: (a) proposing shift schedules which required approval of the district manager and (b) interviewing candidates; but before an applicant could be hired they needed to be interviewed and approved by a district manager.

25. Plaintiff's duties as a SAM and SM did not include: store budgeting, ordering inventory, hiring permanent full time employees, firing, managing, or disciplining other employees.

26. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties as a SAM or SM.

27. Plaintiff was not employed in an executive, administrative, or professional capacity by Defendants.

28. Plaintiff was not an employee whose suggestions and recommendations as to the hiring or firing and as to the advancement of or any other change of status of other employees would be given any weight by Defendants.

29. Plaintiff was not an employee whose primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of the Defendants.

30. Thus, Plaintiff was a non-exempt employee throughout the time period of her employment who should have been paid overtime by the Defendants for hours worked in excess of 40 hours per week.

31. Consistent with the TWEC Defendants' policy, pattern and/or practice, Plaintiff regularly worked as a SAM and SM in excess of 40 hours per workweek without being paid a legally required overtime rate of 1.5 times her regular rate of compensation for the hours she worked in excess of 40 per workweek.

32. The TWEC Defendants knew that the improper payment of overtime pay would financially injure Plaintiff and similarly situated employees and violate FLSA, and New Jersey and Pennsylvania state wage and hour laws.

### NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of a putative Class of similarly situated current and former SMs employed by the TWEC Defendants, defined to include:

> All persons employed in the United States by Trans World Entertainment Corp., Record Town, Inc. and Record Towns USA, LLC. as a Store Manager who are or were employed at any time in the last three years, who worked over 40 hours per week and were not paid overtime for hours worked over 40 in a workweek.

34. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employee exempt from coverage under the FLSA.

35. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the SAMs and SMs described are "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same legal theories.

36. Plaintiff estimates that the collective Nationwide Collective Class, including both current and former SMs over the relevant period, will include hundreds (and possibly thousands) of members. The precise number of collective Nationwide Collective Class members should be readily available from a review of Defendants' personnel, scheduling, time, and payroll records, and from input received from the Nationwide Collective Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

37. Plaintiff's and other potential Nationwide Collective Class members' entitlement to overtime pay, except for amount, is identical and depends on one uniform factual question: Did Defendants pay its SMs overtime compensation for hours worked over forty (40) at a rate of 1.5 times their regular rate of compensation for hours worked in a workweek?

38. Similarly, the classification status of the Nationwide Collective Class and Plaintiff involves an identical legal question: Were the TWEC Defendants' SMs non-exempt employees such that the TWEC Defendants owe them overtime compensation under the FLSA?

39. Plaintiff shares the same interests as the Nationwide Collective Class in that the outcome of this action will determine whether they are either exempt or non-exempt employees under the FLSA. Because the facts in this case are similar, if not altogether identical, the factual assessment and legal standards lend themselves to a collective action.

## NJ/PA CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this claim as a class action pursuant to Rule 32 of the New Jersey Rules of Court and Pennsylvania Rules of Court 1701-1717 of the on behalf of a class, consisting of:

> All persons who work or worked for the TWEC Defendants: (a) in New Jersey as Store Managers at any time two years prior to the filing of this action through the entry of judgment in this action who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek, and/or (b) all persons who work or worked as Sr. Assistant Managers in Pennsylvania at any time two years prior to the filing of this action through the entry of judgment in this action who worked over 40 hours per week and were not paid overtime pay at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek.

41. The persons in the NJ/PA Class are so numerous that joinder of all members is impracticable. The exact number of the NJ/PA Class members is unknown to Plaintiff at this time but there is believed to be over a hundred such persons. The identity of the NJ/PA Class members is known to the TWEC Defendants and is contained in the employment records that the TWEC Defendants are required to create and maintain as a matter of state and federal law.

42. Plaintiff's claims are typical of the claims of the other members of the NJ/PA Class as plaintiff and all other members of the NJ/PA Class sustained damages arising out of defendants' conduct in violation of the New Jersey and Pennsylvania state laws complained of herein. The NJ/PA Class

members work, or have worked, for the TWEC Defendants in New Jersey or Pennsylvania as SAMs and were improperly not paid overtime wages by the TWEC Defendants at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek. They have sustained similar types of damages as a result of the TWEC Defendants' failure to comply with the NJWHL and PMWA and their respective supporting regulations.

43. Plaintiff will fairly and adequately protect the interests of the members of the NJ/PA Class and has retained counsel competent and experienced in complex class action litigation.

44. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the NJ/PA Class.

45. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

46. Common questions of law and fact exist as to all members of the NJ/PA Class and predominate over any questions affecting solely individual members. Plaintiff's and other potential NJ/PA Class members' entitlement to overtime pay, except for amount, is identical and depends on one uniform factual question: Did Defendants pay its SAMs overtime compensation for hours worked over forty (40) at a rate of 1.5 times their regular rate of compensation for hours worked in a workweek?

47. Defendants have acted or have refused to act on grounds generally applicable to the NJ/PA Class, thereby making appropriate relief with respect to the NJ/PA Class as a whole.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual NJ/PA Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for Plaintiffs and NJ/PA Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of Defendants' compensation practices

to prosecute vigorously a lawsuit against the Defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

## COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* <u>FAILURE TO PAY OVERTIME WAGES</u>

1. Plaintiffs re-allege and incorporate paragraphs 1-48 as if set forth at length herein.

2. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and all putative Nationwide Class members are entitled to overtime compensation at their regular rate for all hours worked.

3. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

4. The TWEC Defendants misclassified the Plaintiff and all similarly situated employees as exempt when in fact they were non-exempt. Neither Plaintiff nor the putative Nationwide Class members qualify for exemptions enumerated at 29 U.S.C. § 213(a). Thus, they are not exempt.

5. The TWEC Defendants' unlawful conduct has been widespread, repeated, and willful. The TWEC Defendants knew or should have known that its policies and practices were unlawful and unfair.

WHEREFORE, Plaintiff Carol Spack requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Declaring that the TWEC Defendants willfully violated its/their obligations under the FLSA and its attendant regulations as set forth above;

c. Certifying this matter to proceed as a class action;

d. Granting judgment in favor of Plaintiffs and against the TWEC Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

e. Awarding liquidated damages to Plaintiffs in an amount equal to the amount of unpaid overtime found owing to them;

h. Awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action;

i. Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

j. Such further relief as this court deems appropriate.

## COUNT TWO

## VIOLATION OF VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
## FAILURE TO PAY OVERTIME WAGES

1. Plaintiffs re-allege and incorporate paragraphs 1-48 as if set forth at length herein.

2. Pursuant to the NJWHL, N.J.S.A., 34:11-56.1, *et seq.*, Plaintiffs and all putative Class members are entitled to overtime wages overtime paid at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek

3. N.J.S.A., 34:11-56a4 provides in relevant part: "Every employer shall pay to each of his employees' wages at a rate of not less than …for 40 hours of working time in any week and 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40

hours in any week, except this overtime rate shall not include any individual employed in a bona fide executive, administrative, or professional capacity…" (emphasis added).

4. The TWEC Defendants misclassified the Plaintiffs and all similarly situated employees as exempt when in fact they were non-exempt. Neither Plaintiffs nor the putative Class members qualify for exemptions under NJWHL. Thus, they are not exempt.

6. By misclassifying the Plaintiffs and similarly situated employees as exempt from overtime, the TWEC Defendants failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period.

7. The TWEC Defendants' unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices were unlawful and unfair.

8. As a result of Defendants' violations of the NJWHL, Plaintiffs and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, reasonable attorneys' fees and costs pursuant to the NJWHL.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs hereby demand judgment be entered against the TWEC Defendants as follows:

    a. Certifying this case as a class action in accordance with New Jersey Rule of Court R. 4:23-1 (Rule 23) with respect to the NJWHL claims set forth above;

    b. Declaring that the TWEC Defendants violated its obligations under the NJWHL and its attendant regulations;

    c. Certifying this matter to proceed as a class action;

    d.    Granting judgment in favor of Plaintiffs and against the TWEC Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

    e.    Judgment for Plaintiffs and the NJ/PA class members for all statutory, compensatory, liquidated and consequential damages, or any other damages authorized by law or equity, sustained because of defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

    f.    An award to Plaintiffs and the NJ/PA for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

    g.    Awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action;

    h.    Such further relief as this court deems appropriate.

## COUNT THREE

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

1. Plaintiffs re-allege and incorporate paragraphs 1-48 as if set forth at length herein.

2. Pursuant to the PMWA, 35 P.S. § 333.101 et seq., Plaintiffs and all putative Class members are entitled to overtime wages overtime paid at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek

3. 34 Pa. Code § 231.43 provides in relevant part: "… each employee shall be paid for overtime not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek."

4. Plaintiff complains that the TWEC Defendants violated the PMWA by unlawfully using a fluctuating work week method (FWW) when calculating overtime wages rightfully due Plaintiff and all other members of the proposed PA Class when they worked as SAMs in the TWEC

Defendants' Pennsylvania stores.

9. By misclassifying the Plaintiffs and similarly situated employees as exempt from overtime, the TWEC Defendants failed to pay Plaintiffs and the putative Class members for hours worked over forty (40) hours in a week for that respective period.

10. The TWEC Defendants' unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices were unlawful and unfair.

11. Because of Defendants' violations of the NJWHL, Plaintiffs and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NJWHL in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, reasonable attorneys' fees and costs pursuant to the NJWHL.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs hereby demand judgment be entered against the TWEC Defendants as follows:

a. Certifying this case as a class action in accordance with Pennsylvania Rules of Court 1701-1717 with respect to the PMWA claims set forth above;

b. Declaring that the TWEC Defendants violated its obligations under the PMWA and its attendant regulations;

c. Certifying this matter to proceed as a class action;

d. Granting judgment in favor of Plaintiffs and against the TWEC Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

e. Judgment for Plaintiffs and the NJ/PA class members for all statutory, compensatory, liquidated and consequential damages, or any

       other damages authorized by law or equity, sustained because of defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

i.     An award to Plaintiffs and the NJ/PA for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

j.     Awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action;

k.     Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable in this action.

Respectfully Submitted,

Date: April 20, 2017

*[signature]*

Stephan T. Mashel, Esquire
N.J. ID. No.: 031851986
MASHEL LAW, L.L.C.
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
(P): (732) 536-6161
(F): (732) 536-6165
(E): smashel@mashellaw.com
Attorneys for Plaintiff Carol Spack

# EXHIBIT A

**FAIR LABOR STANDARDS ACT CONSENT**

I consent to be a party plaintiff in a lawsuit against Trans World Entertainment Corp., Record Town, Inc. and Record Towns USA, LLC to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b). I hereby designate the law firm of Mashel Law, L.L.C. to represent me in such a lawsuit.

Dated: April 19, 2017

_____
Carol Spack