

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
677 Broadway, 9th Floor
Albany NY 12207
Tel 518 512-8700
Fax 518 242–7730
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI

GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI*
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI

MINNEAPOLIS, MN
MONMOUTH COUNTY, NJ
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH

PROVIDENCE, RI
RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
ST. LOUIS, MO
TAMPA, FL
WASHINGTON DC REGION
WHITE PLAINS, NY

*through an affiliation with Jackson Lewis P.C., a Law Corporation

CHRISTOPHER.STEVENS@JACKSONLEWIS.COM
DIRECT DIAL: 518-512-8780

January 23, 2019

**VIA ECF**

Honorable Christian Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

           Re:    Spack v. Trans World Entertainment Corp. et al.
                    Civil Case No. 1:17-cv-1335

Judge Hummel:

      As you are aware, we represent the Defendants in the above-referenced action. We write in response to your Text Order dated January 16, 2019 in which you directed the parties to submit letters addressing "how, if at all, the requests in plaintiffs' pending motion to compel…or in defendants' opposition…are effected by the Court's decision on plaintiffs' Motion to Conditionally Certify." Dkt. 107. In short, Defendants' position is that the Court's recent decision conditionally certifying a collective of Store Managers ("SMs") does not impact the portions of the motion to compel relating to Senior Assistant Managers ("SAMs"). To the extent that Plaintiffs' pending motion to compel continues to seek "sample discovery" from SMs, however, the Court's recent decision renders such discovery unnecessary.

      Plaintiffs' pending motion to compel seeks: (1) the names and contract information for the putative collective of SAMs, and (2) pre-certification "Sample Discovery" on the individual claims of 20% of the absent class members who compose the putative Rule 23 classes. Plaintiffs' first request is not impacted by the Court's recent decision because the request pertains exclusively to SAMs, while the decision pertains exclusively to SMs. Defendants continue to oppose this request for all of the reasons set forth in their opposition to Plaintiffs' motion to compel. *See* Dkt. 90.

      The Court's recent decision does affect Plaintiffs' second request, but only in part. The putative Rule 23 classes proposed by Plaintiffs consist of both SMs and SAMs. The requests pertaining to SAMs are unaffected by the decision for the same reasons discussed above. The requests pertaining to SMs, however, are rendered unnecessary and should therefore be denied. Now that a nationwide collective of SMs has been conditionally certified, notice will be sent and SMs who desire to opt-in to the action will

do so.  The parties will then engage in discovery relating to the claims of those individualized opt-ins (the exact scope of which cannot yet be determined, but will likely be proportional to the number of opt-ins). That discovery is tantamount to the "Sample Discovery" sought by Plaintiffs' motion to compel—and is appropriate now that a collective has been conditionally certified.  "Sample Discovery" pertaining to SAMs, however, remains inappropriate because their claims have not received any form of certification.

For these reasons, Defendants submit that the Court's decision conditionally certifying a collective of SMs does not affect the portion of Plaintiffs' pending motion to compel relating to SAMs.  It does, however, affect the portion of that motion pertaining to SMs—and provides an additional reason why that portion of the motion to compel should be denied.

Defendants propose that, after the notice period is complete, the parties meet-and-confer regarding proportional discovery pertaining to the claims of individual SMs who elect to opt-in.  This will result in Plaintiffs effectively obtaining the "Sample Discovery" sought by the motion to compel.  Defendants would recommend a similar approach for "Sample Discovery" relating to SAMs in the event that a collective of SAMs is conditionally certified, but continue to assert that pre-certification individualized discovery with respect to those claims is not justified.

        Respectfully submitted,

        *ATTORNEYS FOR DEFENDANTS*

By:   */s/ Christopher J. Stevens*
       William J. Anthony
       Vincent E. Polsinelli
       Christopher J. Stevens
       Jackson Lewis P.C.
       677 Broadway, 9th Floor
       Albany, NY 12207
       T: 518-512-8700 / F: 518-242-7730
       christopher.stevens@jacksonlewis.com

Cc:  All counsel (Via ECF)

## CERTIFICATION OF SERVICE

   I hereby certify that on January 23, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                   */s/ Christopher J. Stevens*
                   Christopher J. Stevens