**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CAROL SPACK, TABITHA SCHMIDT,

                              Plaintiffs,         1:17-CV-1335
      v.                                              (TJM/CFH)

TRANS WORLD ENTERTAINMENT
CORPORATION; RECORD TOWN, INC.,

                              Defendants.

NATASHA ROPER,

                              Plaintiff
      - v -

TRANS WORLD ENTERTAINMENT
CORPORATION, RECORD TOWN, INC.,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

Mashel Law LLC                   AMY CATHERINE BLANCHFIELD, ESQ.
500 Campus Drive, ste. 303       PETER DOUGLAS VALENZANO, ESQ.
Morganville, New Jersey 07751    STEPHEN T. MASHEL, ESQ.
Attorneys for Spack, Schmidt

Cooper, Erving Law Firm          CARLO ALEXANDRE C. DE OLIVERIA, ESQ.
39 North Pearl Street, 4th fl.
Albany, New York 12207
Attorneys for Spack, Schmidt

Shavitz Law Group, P.A.          MICHAEL J. PALITZ, ESQ.
830 3rd Avenue, 5th fl.
New York, New York 10022
Attorneys for Roper

Jackson Lewis P.C.                WILLIAM J. ANTHONY, ESQ.
677 Broadway, 9th fl.             CHRISTOPHER JOHN STEVES, ESQ.
Albany, New York 12110        VINCENT E. POLSINELLI, ESQ.
Attorneys for defendants

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## MEMORANDUM-DECISION & ORDER

### I.  Background

Presently pending before the Court is plaintiffs' Motion to Compel.  Dkt. No. 85.  Defendants have opposed this motion.  Dkt. No. 90.  Plaintiffs filed a reply.  Dkt. No. 92.  After this Court requested the parties to address how, if at all, this Court's January 15, 2019, Memorandum-Decision & Order ("MDO") granting in part the Motion for Conditional Certification impacted the pending motion, dkt. no. 107, the parties filed letter briefs.  Dkt. Nos. 108, 109.  For the following reasons, plaintiffs' Motion to Compel is granted in part and denied in part.

### II.  Discussion

#### A.  Impact of January 15, 2019 Memorandum-Decision & Order

Parties agree that plaintiffs' Motion to Compel is rendered moot by the Court's January 15, 2019, MDO insofar as the motion seeks the "full names, last known mailing addresses, email addresses, phone number(s), store locations, and dates of employment for the entire class of store managers" and a "20% sample group discovery of the SM [Store Manager] class pertaining to names, contact information, dates of employment, store locations and job titles for sample group members (interrogatories 1 and 3)."  Dkt. No. 109 at 2.  Accordingly, insofar as the Motion to Compel seeks the above information, such request is denied as moot.

Parties also agree that plaintiffs' demands for discovery relating to the Senior Assistant Store Managers ("SAMs") have not been affected by the MDO.  Dkt. Nos. 108, 109.  Plaintiffs contend that their demand for the full names, last known mailing addresses, email addresses, phone numbers, store locations, and dates of employment for the entire putative class of SAMs

2

is still pending, and request the Court order production of such information. Dkt. No. 109 at 1-2. Defendants reiterate their argument that discovery relating to the SAMs is premature as the Court has yet to conditionally certify the SAMs. Dkt. No. 108 at 1-2. The Court will address this demand below.

Although parties do not dispute that plaintiffs' request for sample discovery relating to SAMs has not been impacted by the MDO,[1] plaintiffs agree to hold in abeyance their demand for 20% sample discovery of NJ/PA class of SAMs "pending the outcome of Plaintiff's intended Motion for Conditional certification of the SAM class." Dkt. No. 109 at 3. The Court grants plaintiffs request to withdraw, without prejudice, their Motion to Compel insofar as it seeks 20% sample discovery of NJ/PA class of SAMs, permitting plaintiffs to renew pending the outcome of a timely and properly filed motion for conditional certification.

Finally, plaintiffs' Motion to Compel demands that defendants produce 20% sample discovery of the entire putative NJ/PA class of SMs and SAMs. Dkt. No. 85 at 9-14. Defendants contend that plaintiffs' request, insofar as it relates to SMs, is "rendered unnecessary" by this Court's MDO. Dkt. No. 108 at 1. They argue,

> [n]ow that a nationwide collective of SMs has been conditionally certified, notice will be sent and SMs who desire to opt-in to the action will do so. The parties will then engage in discovery relating to the claims of those individualized opt-ins (the exact scope of which cannot yet be determined, but will likely be proportional to the number of opt-ins). That discovery is tantamount to the "Sample Discovery" sought by Plaintiffs' motion to compel – and is appropriate now that a collective has been conditionally certified.

Dkt. No. 108 at 2.

---

[1] Defendants concede that the January 15, 2019, MDO did not affect plaintiffs' demand for 20% sample discovery of SAMs, but contend, as they did in opposition to the Motion to Compel, that such discovery is inappropriate as the SAMs have not yet been conditionally certified. Dkt. No. 108 at 1-2.

3

Plaintiffs disagree with defendants' assertion that their request for 20% sample discovery of a class of SMs has been fully "rendered necessary" by the Court's January 15, 2019, MDO. Dkt. No. 109 at 2. They argue that the

> following categories of items during the liability period (one week from April 1, 2014 to the date of the Order) is [sic] not impacted by the January 15th Order: a) Human Resources employees responsible for payroll of sample group members and their contact information; b) District Managers for each member of sample group and their contact information; c) Dates of employment, pay records and earning statements reflecting hours worked; d) documents showing compensation and wages paid, and e) employee handbooks; hours worked and time records, and weekly schedules. Therefore, Plaintiffs seek to compel Defendants to respond to the following document demands for the 20% sample group discovery of the SM class: Document Demands 5, 9, 17, 23, 30, 34. Plaintiffs also seek to compel Defendants' responses to the following interrogatories for the 20% sample group discovery of the SM class: Interrogatories 7, 9, 11, 12.

Dkt. No. 109 at 3.

Thus, as parties either agree that all other portions of the Motion to Compel have been rendered moot by the January 15, 2019, MDO and the 20% sample discovery of the NJ/PA class of SAMs, is withdrawn without prejudice, the Court addresses below plaintiffs' Motion to Compel insofar as plaintiffs seek (1) 20% sample discovery of the NJ/PA class of SMs as to certain categories; and (2) the names, last known mailing address, e-mail addresses, phone numbers, store locations, and dates of employment for the entire putative class of SAMs.

### B. Sample Discovery of NJ/PA Class of SMs[2]

---

[2] In plaintiffs' Motion to Compel, plaintiffs "agree[d] to limit their sample group discovery demands at this pre-class certification point in time to only those SMs and SAMs who comprise Plaintiffs Spack's and Schmidt's NJ/PA Rule 23 putative classes, to wit, those SMs and SAMs who worked for TWEC at its New Jersey and Pennsylvania stores during the Liability Period." Dkt. No. 85-1 at 7. Thus, it is the Court's understanding that in the categories discussed within this section, plaintiffs seek a "sample class" limited to those SMs who worked in TWEC's New Jersey and Pennsylvania stores. Id.

4

Plaintiffs contend that they still seek to compel responses to interrogatory numbers 7,[3] 9,[4] 11,[5] and 12,[6] and document demands 5,[7] 9,[8] 13,[9] 17,[10] 23,[11] 30,[12] and 34.[13] Dkt. No. 109 at

---

[3] Interrogatory 7: "For each member of the Sample Group, identify by full name, job title, last known address, phone number, and dates of employment with Defendant, each employee of Defendant, including, but not limited to, any Human Resources employee, who worked on and/or were responsible for, in whole or in part, payroll matters for each member of the Sample Group during the Liability Period." Dkt. No. 84-5 at 10.

[4] Interrogatory 9: "For each member of the Sample Group, identify by full name, job title, last known address and phone number, and dates of employment with Defendant . . . , each individual employed by Defendant who, at any time during the Liability Period, managed, supervised, or oversaw them, and list each store in his/her region during this period." Dkt. No. 84-5 at 11.

[5] Interrogatory 11: "For each member of the Sample Group, identify by full name, job title, last known address and phone number, and dates of employment with Defendant, each District Manager employed by Defendant who, at any time during the Liability Period, who managed, supervised, or oversaw them, and list each store in his/her region during that period." Dkt. No. 84-5 at 11.

[6] Interrogatory 12: "For each member of the Sample Group, identify by full name, job title, last known address and phone number, and dates of employment with Defendant, each Regional Manager employed by Defendant who, at any time during the Liability Period managed, supervised, or oversaw them, and list each store in his/her region during this period." Dkt. No. 84-5 at 11.

[7] Document demand 5: "For each member of the Sample Group all monthly, weekly, or bi-weekly payroll records, payroll registers, paystubs, paychecks, receipts, and ledgers reflecting the hours they worked during each workweek while employed by the TWEC Defendants during the Liability Period." Dkt. No. 85-5 at 10.

[8] Document demand 9: "For each member of the Sample Group, all monthly, weekly, or bi-weekly earnings statements or paystubs including monthly gross wages, monthly net wages, and, any deductions while employed by the TWEC Defendants during the Liability Period." Dkt. No. 85-5 at 10.

[9] Document demand 13: "For each member of the Sample Group, all documents showing the compensation that the TWEC Defendants paid to him or her during the Liability Period, including but not limited to payroll records, payroll registers, paystubs, paychecks, earning statements, receipts, and ledgers." Dkt. No. 85-5 at 11.

[10] Document demand 17: "For each member of the Sample Group, all documents showing the wages that the TWEC Defendants paid to him or her during the Liability Period, including paychecks, earnings statements and/or earnings/pay stubs." Dkt. No. 85-5 at 11.

[11] Document demand 23: "All employee handbooks distributed [by] the TWEC Defendants to Plaintiff Spack, Putative Plaintiff Tabitha Schmidt, any Sample Group Member, and/or any NJ/PA Class Member during the liability Period." Dkt. No. 85-6 at 1.

[12] Document demand 30: "For each member of the Sample Group, all records of hours worked, including but not limited to close-out reports, time records time reports, clock-in reports, clock-in sheets, sign-in/sign-out sheets, spreadsheets and/or any other document which reflects the amount of time worked by each member of the Sample Group. If there is more than one version of these documents, or if

5

3. In plaintiffs' Motion to Compel,[14] plaintiffs contend that 20% sample discovery for SMs is necessary to "satisfy the class certification requirements of Fed. R. Civ. P. 23." Dkt. No. 85-1 at 7.

Defendants contend that the Court's partial grant of plaintiffs' Motion for Conditional Certification moots plaintiffs' request for 20% sample discovery as it relates to SMs because, once the opt-in period ends, discovery can proceed relating to those SMs who opted in, and such discovery would be "tantamount to the 'Sample Discovery' sought by Plaintiffs' Motion to Compel – and is appropriate now that a collective has been conditionally certified." Dkt. No. 108 at 2. Thus, it appears that the disagreement that exists between the parties is whether plaintiffs are entitled to 20% "sample group" discovery for SMs as to these remaining categories or whether, as defendants suggest, this discovery should be limited to the specific plaintiffs who choose to opt-in.

The Court finds that, at this time, plaintiff is entitled to the requested categories of discovery, but limited to those SMs who opt-in – not for a 20% sample group of all SMs or a 20% sample of SMs employed at New Jersey or Pennsylvania TWEC stores. To require defendants to provide this information relating to a 20% sample of SMs would appear to the Court a wasted effort. Conditional certification has been granted for SMs; thus, SMs who wish to join the lawsuit will have to opt-in within the set time frame. Even if the Court were to order 20% sample discovery of SMs, as the opt-in period is likely to close before plaintiffs would

---

the documents have been adjusted electronically, provide all versions of the documents." Dkt. No. 85-6 at 2.

[13] Document demand 34: "All documents, including but not limited to weekly schedules, concerning and/or for how much time each member of the Sample Group was scheduled to work." Dkt. No. 85-6 at 2.

[14] Plaintiffs do not explicitly address this in their letter brief. See Dkt. No. 109.

receive the sample discovery,[15] it is unlikely that the sample discovery would assist plaintiffs in identifying potential SM plaintiffs or further defining the collective.  Indeed, the Court cannot see how the requested 20% sample discovery for SMs would assist plaintiffs any greater than would allowing plaintiffs the requested categories of discovery limited to those SMs who opt in.  As defendants have stated that they will provide plaintiffs discovery on these topics as it relates to any SMs who opt-in, plaintiffs will soon have access to this information.  Dkt. No. 108 at 2.

Accordingly, insofar as plaintiffs seek to compel from defendants 20% sample discovery for all SMs or SMs employed at TWEC's New Jersey or Pennsylvania stores, that request is denied.  However, insofar as plaintiffs request the above categories of information limited to those SMs who opt into this action, plaintiffs request is granted.  Within twenty-one days after the close of the opt-in period, plaintiffs must provide to defendants the names of the SMs who opted-in.  Thereafter, defendants will have forty-five days to provide to plaintiffs responses to interrogatories 7, 9, 11, and 12 and document demand numbers 5, 9, 13, 17 23, 30, 34, limited to those SMs who chose to opt-in as plaintiffs in this action.  Should plaintiffs determine that the FLSA opt-in SM plaintiffs are too numerous to be practicable, plaintiffs may renew their request for 20% sample discovery as to these demands.

### C. Pre-Certification Discovery as to SAMs

Plaintiffs seek to compel defendants to provide the full names, last known mailing address, e-mail addresses, phone numbers, store locations, and dates of employment for the entire putative class of SAMs. Dkt. No. 85-1.  Defendants oppose precertification discovery for SAMs, arguing that plaintiffs "have asserted an unsupportable FLSA claim on their behalf"

---

[15]  The opt-in period for SMs closes on April 6, 2019.  See Dkt. No. 106.

because "Defendants' treatment of SAMs was entirely consistent with federal law." Dkt. No. 90 at 5, 13-14. Thus, defendants argue that plaintiffs have failed to show evidence of a company-wide pay policy that violates the law. Id. at 14. Further, defendants contend that plaintiffs have not demonstrated why they "need the contact information of every SAM, nationwide" in order to file a motion for conditional certification of their claims. Dkt. No. 90 at 13 (noting that, although plaintiffs offered to limit their request for sample discovery for the putative Rule 23 classes to New Jersey and Pennsylvania, "[t]hey have not made a similar offer to limit their request for the contact information of SAMS – and instead have continued to insist that they are entitled to the contact information of all SAMs nationwide.").

"At the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification." Charles v. Nationwide Mut. Ins. Co., No. 09-CV-94 (ARR), 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010) (citing Acevedo v. Ace Coffee Bar, 248 F.R.D. 550, 553 (N.D. Ill. 2008) (additional citations omitted)). "Courts in this Circuit have disagreed over whether to grant precertification discovery or the extent of such discovery to permit." Lapointe v. Target Corp., No. 16-CV-216 (GTS/CFH), 2017 WL 3288506, at *3 (N.D.N.Y. Mar. 24, 2017) (citing Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169-70 (S.D.N.Y. 2012) (noting discovery should be limited to the named plaintiffs and company policies prior to class certification); Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("While some district courts have exercised this discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases.") (citations omitted); Charles, 2010 WL 7132173, at *3 ("Within these confines, whether to compel production of the names and addresses of putative class members lies within the discretion of the trial court – indeed, courts have ruled both ways on the question.") (citing cases).

As this Court has set forth previously:

> Given the Supreme Court's direction that 'the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms,' pre-certification discovery is appropriate to enable the [p]laintiff to define the class and identify similarly situated employees." Whitehorn, 2010 WL 2362981, at *2 (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989)). Thus, "[p]re-certification discovery of employee contact information will enable [the] [p]laintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification." Whitehorn, 2010 WL 2362981, at *2 (citation omitted); Fei v. WestLB AG, No. 07 Civ. 8785(HB/FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members. . . . Indeed, the information that [the plaintiff] seeks obviously will be of considerable help to [the plaintiff] in his efforts to define the class. . . .") (citation omitted).

Lapointe, 2017 WL 3288506, at *3. In considering whether to allow pre-certification discovery, the Court must balance various considerations. See id. (citing Fed. R. Civ. P. 26(b)(1) (considering whether to grant FLSA precertification discovery by balancing the requesting party's need for the information to certify the collective, the potential plaintiffs' reasonable expectations of privacy, and the defendants' concern that plaintiffs' counsel may be seeking information for the purpose of identifying additional clients).

Plaintiffs argue that they have demonstrated the need for precertification discovery as to the potential collective of SAMs. Plaintiffs allege that defendants denied both SMs and SAMs overtime compensation for hours worked over forty per week and because both groups were forced to work off the clock without compensation. Dkt. No. 85-2 at 5. Although defendants argue that plaintiffs are unable to state an FLSA claim for the SAMs, as (1) defendants properly utilized the fluctuating work week method for SAMs, a method which has been validated by the United States Supreme Court, and (2) plaintiffs have failed to produce evidence of company-wide policy requiring SAMs to work off-the-clock, Dkt. No. 90 at 14, at

9

this early stage, the Court is not to consider the merits underlying the FLSA or Rule 23 claims; rather, the Court balances the plaintiffs' need for the requested information in order to proceed with conditional certification, along with the burden to defendants, and any potential privacy concerns of the SAMs.  Lapointe, 2017 WL 3288506, at *3.

On balance of these factors, the Court concludes that allowing for this limited pre-certification discovery will assist parties and the Court in determining whether conditional certification is appropriate for a collective of SAMs.  See, e.g., Whitehorn, 2010 WL 2362981, at *2  ("Pre-certification discovery of employee contact information will enable [the] [p]laintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification."); see also Gordon v. Kaleida Health, No. 08-CV-378S F, 2012 WL 432885, at *2 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.") (citing Doyon v. Rite Aid Corporation, 249 F.R.D. 43  (D. Me. Nov. 18, 2011)).  Potentially, such discovery may permit greater judicial efficiency and economy, as if the discovery demonstrates that plaintiffs are unlikely to obtain even conditional certification of the collective of SMs, plaintiffs may decide not to file such a motion, and, conversely, if such discovery provides information suggesting plaintiffs and the putative SAMs are similarly situated, plaintiffs will be able to make a stronger and more efficient motion for conditional certification.  Indeed, were the Court to deny this minimal pre-certification discovery demand, the Court is doubtful that plaintiffs would be able to adequately make the determination whether to seek conditional certification of the class of SAMs.

Although it appears defendants are suggesting that the Court, if it allows precertification discovery, should limit it to potential opt-in plaintiffs employed at the New Jersey and

10

Pennsylvania TWEC stores, as the Court is requiring defendants provide only the names, last known addresses, and work e-mail addresses, where applicable, it would not appear that this request is so unduly burdensome as to weigh in favor of limiting these categories of pre-certification discovery to these two states.  Dkt. No. 90 at 13.

Although defendants raise concern that plaintiffs are requesting precertification discovery merely to solicit additional clients, dkt. no. 90 at 11, the Court believes that limiting the pre-certification discovery to the full names, last known addresses, and TWEC-issued work e-mail addresses of SAMs currently employed by TWEC minimizes the risk of privacy infringement of the potential class members.  Further, the Court finds that the plaintiffs' need for such information outweighs the minimal privacy concerns to the potential putative collective. See generally Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677 (N.D.N.Y. 2015) ("To the extent defendants express concerns regarding the potential plaintiffs' right to privacy, the undersigned finds that plaintiff has a compelling need for discovery and his need for the contact information of these potential plaintiffs outweighs the minimal privacy concerns resulting from the release of names and addresses.") (citing Whitehorn, 2010 WL 2362981, at *3).

Plaintiffs' motion, insofar as it seeks to compel the full names, last known mailing address, phone number, store location, dates of employment, is granted in part.  Insofar as plaintiffs request the full names and last known addresses and of the SAMs, this request is granted, and defendants must provide to plaintiffs the full names and last known addresses of all SAMs employed by defendants at any of its United States store locations for at least one week from April 1, 2014, until the date of this Memorandum-Decision & Order.  Insofar as plaintiffs seek e-mail addresses of SAMs, that request is granted to the limited extent that defendants must provide to plaintiffs any work e-mail addresses issued by TWEC for any SAMs currently employed by defendants. Insofar as plaintiffs seek store locations, phone numbers,

11

personal e-mail addresses, and dates of employment, courts, including this one, have previously held that precertification discovery is best limited to the names and addresses of potential members of the collective. DaSilva Moore, 868 F. Supp.2d at 169-70 ("The Court was reminding plaintiffs that they are only entitled to discovery related to either the named plaintiffs or to company policies to support a motion (not yet filed, much less granted) for class certification; plaintiffs are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification."). Accordingly, plaintiffs' demand for store locations, phone numbers, personal e-mail addresses, and dates of employment of the SAMs is denied.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiffs' Motion to Compel (Dkt. No. 85) is **GRANTED IN PART**:

(1) plaintiffs are to provide to defendants, within twenty-one (21) days after the close of the opt-in period, the full names of the SMs who chose to opt in, and within forty-five (45) days after receipt of those names, defendants are to provide to plaintiffs the following information for all SMs who opted-in as plaintiffs in this action:

   a) Human Resources employees responsible for payroll of opt-in SMs and their contact information;

   b) District Managers for each opt-in SM and their contact information;

   c) Dates of employment, pay records and earning statements reflecting hours worked for all opt-in SMs;

   d) documents showing compensation and wages paid for all opt-in SMs, and

   e) employee handbooks; hours worked and time records, and weekly schedules for all

opt-in SMs; and it is further

**ORDERED**, that within thirty (30) days from the date of this Memorandum-Decision and Order, defendants are to provide to plaintiffs the full names, last known addresses, and TWEC-issued work e-mail addresses, where applicable, of all SAMs employed by defendants at any of their stores located within the United States for one week or more, from April 1, 2014, to the date of this Memorandum-Decision & Order; and it is further

**ORDERED**, that plaintiffs' demand for 20% sample discovery of SAMs is considered **WITHDRAWN** without prejudice and with opportunity to renew pending the outcome of plaintiffs' intended motion for conditional certification for a collective of SAMs; and it is further

**ORDERED**, that insofar as plaintiffs' Motion to Compel seeks (1) "full names, last known mailing addresses, email addresses, phone number(s), store locations, and dates of employment for the entire class of store managers" and (2) "20% sample group discovery of the SM class pertaining to names, contact information, dates of employment, store locations and job titles for sample group members (interrogatories 1 and 3)," such request is **DENIED as moot**; and it is further

**ORDERED**, that plaintiffs' Motion to Compel is otherwise **DENIED**.

**IT IS SO ORDERED**.

Dated: February 13, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge