# MASHEL LAW, L.L.C.

www.mashellaw.com

500 Campus Drive Suite 303
Morganville, New Jersey 07751
Tel.: (732) 536-6161
Facsimile: (732) 536-6165

STEPHAN T. MASHEL
SMASHEL@MASHELLAW.COM
AMY C. BLANCHFIELD
ABLANCHFIELD@MASHELLAW.COM
Elizabeth M. trottier
etrottier@mashellaw.com
David L. kalisky
dkalisky@mashellaw.com

February 19, 2020

**Sent Via ECF**
Honorable Christian F. Hummel, U.S.M.J.
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway, Room 441
Albany, New York 12207

> **Re:    Spack, *et al.* v. Trans World Entertainment Corp., *et al.***
> **Civil Action No.:  1:17-cv-1335**
> **Roper v. Trans World Entertainment Corp., *et al.***
> **Civil Action No.: 1:17-cv-0553**
> **Case Management Conference:  Monday, February 24, 2020 at 10:30 a.m.**

Dear Judge Hummel:

My office represents Plaintiffs Carol Spack, Tabitha Schmidt and Natasha Roper and the Opt-In Plaintiffs ("Plaintiffs") in the above-referenced consolidated collective and class action lawsuit filed against Defendants Trans World Entertainment Corp. and Record Town, Inc. (hereinafter collectively referred to as "TWEC" or "Defendants"). On January 15, 2019, Your Honor entered an Order conditionally certifying the class of Store Managers ("SMs") and effectuating notice pursuant to 29 U.S.C. §216(b). As a result, over 200 SMs have opted-in to this lawsuit. Yesterday, February 18, 2020, my office was notified by an Opt-In SM that TWEC provided him with a severance agreement on Saturday, February 15, 2020, which, if executed, would release and waive all his rights under this class action lawsuit.  Accordingly, we fear that TWEC has and continues to make efforts to improperly solicit Opt-In SM class members to sign same or similar release and waiver agreements. We also fear that the putative class of Senior Assistant Store Managers ("SAMs") who we represent in this case and for whom we filed a pending motion for conditional certification which we understand the Court is on the cusp of deciding, is likewise being improperly solicited to sign away their class rights.

Later the same day of February 18, 2020, I contacted William Anthony, Esquire, of the law office of Jackson Lewis, PC, attorneys for TWEC, to inform him of what my office learned from the aforesaid Opt-In SMs and asked if Mr. Anthony was aware if his client TWEC was soliciting Opt-In SMs to sign severance agreements containing release/waiver language. Mr. Anthony said he was unaware of any such efforts being undertaken by his client and that he would contact his

Hon. Christian F. Hummel, U.S.M.J.
Spack, et al v. Trans World Entertainment Corp., et al.
February 19, 2020
Page 2 of 2

client and call me back with more information. I have yet to hear back from Mr. Anthony as of this writing.

As Your Honor is aware, courts have "both the duty and broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1983). Federal Rule of Civil Procedure 23(d) provides that "the court may issue orders…to protect class members and fairly conduct the action" that require "appropriate notice to some or all class members of any step in the action," "determine the course of proceedings," "impose conditions on the representative parties," or "deal with similar procedural matters," Fed. R. Civ. P. 23(d)(1), all to toe ensure the "fair and efficient conduct of the action." Fed. R. Civ. P. 23 at Adv. Comm. Notes. The court's power under Rule 23(d) is thus exceedingly "broad" and should be used not only "to protect class members," but also "to safeguard generally the administering of justice and the integrity of the class certification process." O'Connor v. Uber Techs., Inc., No. C-13-3826 EMC, 2014 U.S. Dist. LEXIS 61066, *9 (N.D. Cal. May 1, 2014). A court's "primary purpose in supervising communications is …to ensure that potential class members receive accurate and impartial information regarding the status, purposes and effect of the class action." Hinds City v. Wachovia Bank, NA, 790 F. Supp. 2d 125, 134 (S.D.N.Y. 2011).

Here, information has been communicated to my office suggesting TWEC has been unlawfully obtaining releases/waivers from Opt-In SMs (and likely SAMs as well) who are represented by our firm without my firm's knowledge or consent. Since inappropriate communications with the Opt-In SMs has occurred, Plaintiffs request this Court to  immediately enter an Order: (1) enjoining  the TWEC Defendants, and those acting on their behalf, from soliciting releases/waivers from the Opt-In SMs or SAMs; and (2) invalidating any and all agreements signed by Opt-In SMs  and SAMs containing release/ waiver language. We will make ourselves available to discuss this matter with the Court on an immediate emergent basis or should the Court decide, to discuss this urgent matter with Your Honor during the case management/status conference call scheduled for Monday, February 24, 2020 at 10:30 a.m.

I thank Your Honor for your time and attention to this matter.

Respectfully submitted,

Stephan T. Mashel

STM/tmm
c.   Counsel of Record (Via ECF Only)