### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------X
CAROL SPACK, TABITHA SCHMIDT,        :
Individually and on behalf of all others  :     Case No. 1:17-cv-1335-TJM-CFH
similarly situated, as                :
Collective representative,            :
                                      :
        Plaintiffs,                   :
                                      :
            v.                        :
                                      :
TRANS WORLD ENTERTAINMENT             :
CORPORATION and RECORD TOWN,          :
INC.,                                 :
                                      :
        Defendants.                   :
-------------------------------------------------------X


-------------------------------------------------------X
NATASHA ROPER, Individually and       :     Case No. 1:17-cv-00553-TJM-CFH
On behalf of all others similarly situated, as  :
Collective representative,            :
                                      :
        Plaintiffs,                   :
                                      :
            v.                        :
                                      :
TRANS WORLD ENTERTAINMENT             :
CORPORATION and RECORD TOWN,          :
INC.,                                 :
                                      :
        Defendants.                   :
-------------------------------------------------------X
```

## ORDER

The Parties entered into a final settlement totaling a maximum amount of $400,000.00 in

a Joint Stipulation of Settlement and Release ("Settlement Agreement") and Plaintiffs filed for

preliminary approval of the settlement, which Defendants did not oppose. See the Declaration of

Stephan T. Mashel, Esquire annexed to Plaintiffs' Motion for Certification of the Settlement Class,

Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Mashel Dec."), ¶ 11.

On January 11, 2021, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or "Class Members"), conditionally certifying the settlement class, appointing Mashel Law, L.L.C. as Class Counsel, and authorizing notice to all Class Members. ECF 225.

On March 30, 2021, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which Defendants did not oppose. That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses and for Service Awards ("Motion for Attorneys' Fees and Service Awards"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on April 14, 2021. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, Reimbursement of Expenses and Service Awards, and the supporting declarations, the oral argument presented at the April 14, 2021 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the April 14, 2021 fairness hearing, and for good cause shown,

ORDERED, on this _14th_ day of __April__, 2021, upon consideration of the Plaintiffs' Motion for Final Approval, the Motion for Attorneys' Fees, Reimbursement of Expenses and Service Awards, it is:

ORDERED, except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement;

ORDERED, this Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties;

ORDERED, pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification;

ORDERED, pursuant to 29 U.S.C. § 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA;

ORDERED, the Court confirms as final the appointment of Plaintiffs Carol Spack, Tabitha Schmidt, and Natasha Roper as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b);

ORDERED, the Court likewise confirms as final the appointment of Mashel Law, L.L.C. as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b);

ORDERED, the Court finds the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 (CAFA), have been satisfied. The Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate;

ORDERED, the Court finds that the notice distributed to class and collective members (the "Class/Collective Notice") pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process;

ORDERED, pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

ORDERED, the Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005);

ORDERED, the Court finds the settlement is also substantively fair. All the factors set forth in Grinnell, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. Grinnell, 495 F.2d at 463;

ORDERED, the Court finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement;

ORDERED, the Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement;

ORDERED, the Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $133,200.00, which is approximately 33 1/3% of the Settlement Fund, which the Court finds to be fair and reasonable based on: (1) the number of hours worked by Class Counsel during the Litigation; (2) the results achieved on behalf of the Class; (3) the contingent nature of Class Counsel's representation; (4) the complexity of the issues raised by the Litigation; (5) a lodestar cross check; and (6) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable;

ORDERED, the Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $32,537.07, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund;

ORDERED, the Court approves and finds the service awards for Plaintiffs Carol Spack, Tabitha Schmidt and Natasha Roper in the amount of $5,000.00 each in recognition of the services they rendered on behalf of the class. The Court also approves the requested service awards in the amount of $250.00 to the 40 Discovery Opt-In Plaintiffs who participated in discovery. These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement;

ORDERED, the Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $24,000.00 which shall be paid out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement;

ORDERED, the Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party;

ORDERED, the Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, the Class or the Collective, individually or collectively, all such liability being expressly denied by Defendants;

ORDERED, the Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

BY THE COURT:

_____
HON. THOMAS J. MCAVOY, SENIOR U.S.D.J.